UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY DAVID HASBERRY, SR.                    CIVIL ACTION

VERSUS                                          NO. 08-4973

WARDEN AL STRAIN, ET AL                        SECTION "D"(1)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the plaintiff, Gregory David Hasberry, Sr., filed this *pro se* and *in forma pauperis* complaint against Warden Al Strain and unknown deputies challenging the conditions of his confinement in a holding cell at the St. Tammany Parish Jail.[1] Hasberry was incarcerated in the St. Tammany Parish Jail at the time he filed this lawsuit.

---

[1] Rec. Doc. No. 2.

Since that time, the Court has discovered that Hasberry was released from prison. The record reflects that mail sent to Hasberry at the jail by the clerk of court has been returned as undeliverable, with one marked "no longer here."[2]

In violation of this Court's rules, plaintiff has not filed a change of address in this case,[3] and the mail sent to him at the jail has been returned as undeliverable.[4] Hasberry was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page six of his complaint, where he signed the Plaintiff's Declaration.[5]

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a Court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the Court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[2] Rec. Doc. Nos. 12, 13.

[3] "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 11.1E.

[4] Rec. Doc. No. 12. Local Rule 41.3.1E provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

[5] Rec. Doc. No. 2.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As outlined above, mail sent to Hasberry has been returned as undeliverable, and he has failed to provide the Court with his current address. Due solely to Hasberry's failure to meet this obligation, the Court is unable to schedule conferences or a trial in this matter, or otherwise to advance this case on the docket.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that Hasberry's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 26th day of March, 2009.

                             **SALLY SHUSHAN**
                       **UNITED STATES MAGISTRATE JUDGE**